UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO DIVISION

ERNEST ENGELS,

    Plaintiff,                                             CASE NO.:

vs.

PORTFOLIO RECOVERY
ASSOCIATES, LLC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1.    Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3.    The alleged violations described herein occurred in Wood County, Ohio. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the

1

judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

4. Plaintiff is a natural person who is over the age of eighteen (18) who resides in Wood County, Ohio.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3).

6. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

7. At all times material hereto, Defendant was and is a foreign corporation, authorized to conduct business and conducting business in Ohio, with its principal office at 120 Corporate Boulevard, Norfolk, Virginia, 23502.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

9. The debt that is the subject matter of this complaint is a "consumer debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (419) 345-5458, and was the called party and recipient of Defendant's above described calls.

11. In or about February of 2013, Plaintiff received a telephone call to his aforementioned cellular telephone number, from Defendant seeking to recover a debt incurred in 2003. Plaintiff immediately informed Defendant that he does not owe a debt, and that they have the wrong number.

12. From approximately February of 2013 through the filing of this Complaint, Defendant called Plaintiff's aforementioned cellular telephone despite being informed that he did not owe the debt.

13. On numerous occasions, Plaintiff answered a call from Defendant, and again informed Defendant's representative that he did not owe a debt, and to stop calling.

14. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse.

15. To date, Defendant has placed approximately forty (40) calls to Plaintiff's aforementioned cellular telephone number. (Please see attached **Exhibit "A"** representing at least twenty (20) calls from May 17, 2013 through February 3, 2014).

16. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

17. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

18. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

19. Each call Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

20. Each call Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

21. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the incorrect number.

22. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to Defendant that they are the wrong party.

23. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

24. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

25. Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

26. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

27. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

28. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

29. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

30. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (28), as if fully set forth herein.

31. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without

Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FDCPA)

32. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (28), as if fully set forth herein.

33. Plaintiff has been the object of collection activity by Defendant arising from an alleged consumer debt.

34. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse Plaintiff.

35. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d(5) by causing Plaintiff's telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff at the called number.

36. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d(6) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

37. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692e by

using false, misleading representation or means in connection with collection of a debt from Plaintiff.

38. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff.

39. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692g(a) by failing to send Plaintiff the required written validation notice within five (5) days of the initial communication.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper.

Respectfully submitted,

*s/George R. Smith, Jr.*
George R. Smith, Jr., Esquire
Ohio Bar #: 0009712
1122 Craig Rd.
Maumee, OH 43537
Tele: (419) 704-8404
g.smith1961@att.net
Attorney for Plaintiff

*And*

*s/Amanda Allen*
Amanda Allen, Esquire
Florida Bar #: 0098228
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
AAllen@ForThePeople.com
Attorney for Plaintiff